```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

Master-Halco, Inc.,             :
     Plaintiff,                 :
                                :
v.                              :    Case No. 3:06cv1006 (JBA)
                                :
Richard D'Angelo and            :
Rickster Associates, LLC,       :
     Defendants.                :
```

**RULING ON PLAINTIFF'S MOTION TO REMAND [DOC. # 16]
AND DEFENDANTS' MOTION TO REFER [DOC. # 17]**

Plaintiff Master-Halco, Inc. ("Master-Halco"), a California corporation, brought this action in Connecticut Superior Court against Rickster Associates, LLC ("Rickster"), a limited liability company with its principal place of business in Connecticut, and Richard D'Angelo, alleged to be the sole member of Rickster, alleging civil conspiracy, aiding and abetting breach of a fiduciary and fraud, violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), aiding and abetting CUTPA violations, recklessness, tortious interference, and negligence, arising out of an alleged "bust out scheme" whereby defendant D'Angelo assisted Atlas Fence, Inc., later Atlas Holding Company, ("Atlas"), a debtor to Master-Halco, and its principal Michael Picard in creating various companies and trusts, including Rickster, to which Picard could transfer Atlas's assets out of reach of its creditors. See Complaint [Doc. # 1].

Defendants removed this action from state court pursuant to

1

28 U.S.C. §§ 1452 and 1334, on grounds that it is related to two pending bankruptcy proceedings involving Atlas and Picard.  See Notice of Removal [Doc. # 1].  Plaintiff has moved to remand pursuant to 28 U.S.C. § 1447 for lack of subject matter jurisdiction or, alternatively, for the Court to abstain from hearing this matter pursuant to 28 U.S.C. § 1334(c)(1) or (c)(2) and to remand the case to state court pursuant to 28 U.S.C. § 1452(b).  See Mot. to Remand [Doc. # 16].  Defendants oppose remand and also move to refer this case to the United States Bankruptcy Court for the District of Connecticut, New Haven Division, pursuant to 28 U.S.C. § 157(a) and this District's Standing Order of Reference.  See Mot. to Refer [Doc. # 17].

**I.   Subject Matter Jurisdiction**

28 U.S.C. § 1452(a) allows for removal to federal court of a civil action "if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  Section 1334 in turn provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11" and "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(a), (b).  "The test for whether a civil proceeding is 'related to' a bankruptcy case is not controversial.  It is: 'whether the action's outcome might have any conceivable effect on the

bankruptcy estate.'" Bondi v. Grant Thornton Int'l, 322 B.R. 44, 47 & n.9 (S.D.N.Y. 2005) (citing Publicker Indus. Inc v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 114 (2d Cir. 1992)). "A proceeding need not necessarily be against the debtor or against the debtor's property to satisfy the requirements for 'related to' jurisdiction. . . . Instead, there must be some nexus between the 'related' civil proceeding and the title 11 case." Rahl v. Bande, 316 B.R. 127, 133 (S.D.N.Y. 2004) (internal quotation omitted).

Plaintiff argues that "the only connection between this case and the bankruptcy proceedings asserted by the defendants is that the allegations against the defendants in this case involve their participation in nefarious schemes with Michael Picard and Atlas Fence. In other words, only the fact that Michael Picard happens to be in bankruptcy supports the Defendants' claims. As a review of the case caption alone would indicate, however, Michael Picard is not a party to this litigation and the liability of these Defendants is separate and distinct from Michael Picard's liability, although Mr. Picard is part of the conspiracy to hide assets and defraud the plaintiff. Indeed, the allegations against the Defendants bear only upon their own liability, not on Michael Picard's." Pl. Mem. [Doc. # 16-2] at 4-5.

However, as plaintiff admits, that Michael Picard and Atlas are not parties to this action does not preclude "related"

jurisdiction under § 1334(b).  Additionally, notwithstanding plaintiff's characterizations, it is clear that the outcome of this action might have an effect on the bankruptcy estate because plaintiff seeks, <u>inter</u> <u>alia</u>, recovery of the $625,000 in unpaid invoices alleged owed to it by Atlas, which money plaintiff claims defendants in this case assisted in unlawfully and fraudulently transferring to shell companies to protect it from Atlas's debtors, including plaintiff.  Thus, plaintiff's success in this action in recovering all or a portion of that $625,000 would result in plaintiff taking possession of those assets which might otherwise lawfully belong to the bankruptcy estate.[1]

## II.  Abstention/Equitable Remand

Thus, it appears to the Court that there is federal jurisdiction over this action under § 1334 and the Court next considers plaintiff's contention that, even if the Court has subject matter jurisdiction, it should abstain from hearing the matter and remand pursuant to 28 U.S.C. § 1334(c).  § 1334(c) provides for both mandatory abstention in certain instances and permissive abstention as follows:

> (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of

---

[1] Indeed, plaintiff itself specifically alleges that defendants aided and abetted Picard and Atlas in a conspiracy to transfer assets in order to "perpetrate a fraud upon Master-Halco <u>and eventually on the Bankruptcy Court for the District of Connecticut</u>."  Compl. ¶ 6 (emphasis added).

4

> comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.  (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Application of subsections (c)(1) and (c)(2) depends on whether the matter at issue is considered a "core" bankruptcy proceeding or a "non-core" proceeding as "[a]bstention is only mandated with respect to non-core matters. . . . Therefore, where a matter constitutes a core proceeding, the mandatory abstention provisions of section 1334(c)(2) are inapplicable."[2]  In re Petrie Retail, Inc., 304 F.3d 223, 232 (2d Cir. 2002).

As noted above, 28 U.S.C. § 1334(b) provides federal district courts with original, although not exclusive, jurisdiction of civil proceedings "arising under title 11," "arising in . . . a case under title 11," and/or "related to a case under title 11."  As a general matter, "'[a]rising under'

---

[2] The Court notes that although plaintiff suggested that a split of authority exists as to whether the mandatory abstention provision for non-core proceedings can be applied in a case that has already been removed from state court, the Second Circuit has ruled on this issue, determining that it can.  See Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436, 446-47 (2d Cir. 2005). Nevertheless, for the reasons described infra, this action constitutes a "core" proceeding and thus the mandatory abstention provision is inapplicable to this case in any event.

and 'arising in' cases are collectively called 'core' bankruptcy proceedings, while 'related to' cases are non-core." In re Methyl Tertiary Butyl Ether Prods. Liability Litig., 341 F. Supp. 2d 386, 411 (S.D.N.Y. 2004) (citing, inter alia, In re Wood, 825 F.2d 90, 97 (5th Cir. 1987) ("A proceeding is core if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.")). 28 U.S.C. § 157(b)(2) contains a non-exhaustive list of types of actions that constitute "core" proceedings and includes "(A) matters concerning the administration of the estate" and "(H) proceedings to determine, avoid, or recover fraudulent conveyances." Notwithstanding plaintiff's protestations that defendants have not adequately demonstrated that this action constitutes a "core" proceeding, it seems clear that it falls within either or both of these "core" categories, as plaintiff advances causes of action including fraud which seek to recover assets alleged due to it by the debtors (Atlas, Picard) which plaintiff claims were transferred out of the debtors' estates and into the hands of defendant Rickster (among other entities). See also, e.g., Cent. Vt. Public Serv. Corp. v. Herbert, 341 F.3d 186, 192 (2d Cir. 2003) ("[W]e have ruled that the [bankruptcy] trustee is the proper person to assert claims . . . against the debtor's alter ego or others who have misused the debtors property in some fashion, and

by extension, we have held that such alter ego claims are core proceedings.") (internal quotation omitted).[3]

Thus, because the Court determines that this action constitutes a "core" proceeding, the mandatory abstention provision of § 1334(c)(2) is inapplicable.  However, this Court may still opt to abstain and remand this case based on the permissive abstention provision at § 1334(c)(1), or to grant an "equitable" remand, as provided by § 1452(b).  "The factors to be considered by the district court when determining whether permissive abstention or equitable remand is appropriate are virtually the same."  Rahl, 316 B.R. at 135.  These factors include: "(1) whether issues of state law predominate; (2) whether judicial economy would be served by abstention or equitable remand; (3) whether § 1334(b) is the sole basis for

---

[3] Plaintiff dismisses defendants' "core" arguments as conclusory and claims that defendants have not demonstrated that "several parties, including the debtor, claim any interest in the property or claims as [one of the cases cited by defendants] would seem to require" and, further, argues that "proceedings which neither invoke a substantive right provided by the bankruptcy code nor are central to the bankruptcy's court's role in administration of the estate are generally classified as non-core under 28 U.S.C. § 157." Pl. Reply [Doc. # 23] at 2-3. Notwithstanding plaintiff's contentions, however, as detailed above Section 157(b) and Second Circuit precedent counsel that actions of this kind – to recover debts owed to a plaintiff by a debtor that has transferred assets away from the debtor estate – constitute "core" proceedings.  The balance of the cases cited by plaintiff are from outside of this Circuit and are distinguishable as involving actions against third-party guarantors of a debtor's debts, rather than actions to recover assets allegedly fraudulently transferred out of a debtor's estate.

7

exercising federal jurisdiction; (4) whether the proceeding involves non-debtors; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; and (6) the likelihood that the proceeding was commenced in a particular forum because of forum shopping on the part of one of the parties."[4]  Id.  The Court will address each of these factors in turn.

First, all of plaintiff's claims are state statutory or common law claims.  Nevertheless, the Court also considers the fact that although plaintiff asserts state law claims, recovery of fraudulent transfers of bankruptcy estate assets is an essential part of the bankruptcy trustee's role.  See 11 U.S.C. § 544(b).  As to the second factor, judicial economy would not be served by abstention or equitable remand as at least one other creditor claim similar to plaintiff's is already subsumed within the ongoing bankruptcy proceedings,[5] and it would be inefficient

---

[4] Defendants cite to a similar, although not identical, list of factors to be considered: "(1) the effect or lack thereof on an efficient administration of the estate if a court recommends abstention or remand; (2) the extent to which state law issues predominate over bankruptcy issues; (3) comity; (4) prejudice to a party involuntarily removed from state court; (5) the jurisdictional basis, if any, other than 28 U.S.C. Section 1334; and (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case."  Tow v. Credit Suisse First Boston Corp., 04cv560 (CFD), 2004 WL 1660576, at *4 (D. Conn. July 20, 2004).

[5] Another Atlas creditor filed an action in this District in 2004 asserting state law claims of fraudulent transfer against alleged shell companies created by Atlas and Picard and the

to have piecemeal litigation proceeding on parallel tracks. Next, while the parties do not address alternative grounds for federal subject matter jurisdiction, Section 1334(b) may not be the only source as plaintiff is a California corporation,[6] defendants appear to both be Connecticut residents, and the amount in controversy clearly exceeds $75,000, i.e., diversity jurisdiction exists, although defendants, as Connecticut residents, could not remove on this basis.  Moving on to the fourth factor, this proceeding does not involve the debtors – Picard and Atlas – themselves, although it essentially constitutes an action seeking return of a portion of their assets.  As to the degree of relatedness or remoteness of this case to the main bankruptcy proceeding, as detailed above this case is "related" to the bankruptcy proceeding and constitutes a "core" proceeding involving alleged assets of the debtors' estates.  Lastly, although no specific allegations of bad faith have been made, it is suggested by defendants that plaintiff commenced this action in state court as a strategy to circumvent

---

District Court denied the plaintiff's motion to remand and granted the defendants' motion to refer.  See New Alliance Bank v. PGP Group, LLC, 04cv1927 (MRK).

[6] Plaintiff is alleged to be a privately held California corporation with "an office" in Rocky Hill, Connecticut although the Complaint does not provide its principal place of business. Review of plaintiff's website, however, reveals that its only "corporate office" is located in California, suggesting that plaintiff is a California resident.  See http://www.fenceonline. com./branchlocater.html (last visited 10/5/06).

the bankruptcy process and, in effect, obtain priority over other debtors by recovering the debts of Atlas and Picard from defendants.

Thus, consideration of these factors weighs against abstaining or remanding to state court based on equitable grounds and plaintiff's Motion to Remand will be denied. "In this District, by standing order issued pursuant to 28 U.S.C. § 157(a), the district court refers all cases arising under Title 11 to the Bankruptcy Court," Michaelesco v. Shefts, 303 B.R. 249, 251 (D. Conn. 2004), and accordingly defendants' Motion to Refer will be granted.[7]

---

[7] Contrary to plaintiff's suggestion, its right to a jury trial on any or all of the claims asserted in this action neither dictates remand nor precludes referral. The equities and efficiencies to be served by referring this case to the Bankruptcy Court warrant such action and nothing prevents plaintiff (or defendants, for that matter) from moving to withdraw the reference at such time as this case becomes trial-ready, unless both parties consent to trial in the Bankruptcy Court. See 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."); cf., e.g., In re Enron Corp., 04civ7693 (RJH), 2004 WL 2912893, at *2 (S.D.N.Y. Dec. 14, 2004) (denying motion to withdraw without prejudice to renew, observing "a motion for withdrawal should be denied where refusal serves the interests of judicial economy and efficiency, such as where significant pre-trial or managerial matters remain, even if the action will ultimately be transferred to a district court because the movant is entitled to a jury trial or to an Article III judge"); Gioia Gucci v. Gucci, 96civ8216 (JSR), 1997 WL 122838, at *1 (S.D.N.Y. Mar. 17, 1997) (denying motion to withdraw without prejudice to renew, finding "[w]hile there is no question that this case must return to the District Court if and when there is a jury

## III. Conclusion

For the foregoing reasons, plaintiff's Motion to Remand [Doc. # 16] is DENIED and defendants' Motion to Refer [Doc. # 17] is GRANTED.  The Clerk is directed to refer this matter to the United States Bankruptcy Court for the District of Connecticut, New Haven Division, and to close this case.

                                      IT IS SO ORDERED.

                                  /s/
                              Janet Bond Arterton
                              United States District Judge

**Dated at New Haven, Connecticut this 10th day of October, 2006.**

---

trial, at the present infant stage of the proceeding the issue of withdrawal is discretionary and turns largely on considerations of judicial economy").